UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **BETTY M. PLUMMER,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
|     v. | ) | **CAUSE NO. 1:08-CV-45** |
| | ) | |
| **TI GROUP AUTOMOTIVE SYSTEMS, LLC,** | ) | |
| **a/k/a TI AUTOMOTIVE** | ) | |
| | ) | |
|     **Defendant.** | ) | |

## OPINION AND ORDER

This case was removed to this Court from the Wells County Superior Court by Defendant TI Group Automotive Systems, LLC, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Notice of Removal alleges that Plaintiff Betty M. Plummer is a resident of Fort Wayne, Indiana, and that the Defendant is a Delaware corporation and has its principal place of business in Warren, Michigan. (Notice of Removal ¶¶ 4, 5.)

The Defendant's Notice of Removal, however, is inadequate. This is because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

Moreover, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152.

citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332.  "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

Therefore, the Court must be advised of each party's citizenship, not residency.  As to Plaintiff Plummer, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence.").  In the instant case, the Notice of Removal is deficient because the Defendant merely indicated that Plummer is a resident of the state of Indiana.

As to Defendant TI Group Automotive Systems, LLC,[2] a limited liability company's citizenship "for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).  Therefore, if the Defendant is in fact a LLC, the Court must be advised of the citizenship of all the members of TI Group to ensure that none of its members share a common citizenship with Plaintiff.  *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006).  Moreover, citizenship must be "traced through multiple levels" for those members of TI Group Automotive Systems, LLC, who are a partnership or a limited liability company, as anything less can result in a dismissal or remand

---

[2]The Defendant's Notice of Removal is ambiguous as to whether TI Group is in fact a corporation or an LLC.  First, the Defendant refers to itself as an LLC: "Defendant TI Group Automotive Systems, L.L.C., by and through its counsel . . . files this Notice of Removal, hereby removing this action from the Wells County Superior Court . . . ."  (Notice of Removal 1.)  Next, however, the Defendant states, "At the time of filing the Complaint and at the time of filing this Notice of Removal, TI Group was and is a Delaware corporation and has its principal place of business in Warren, Michigan."  (Notice of Removal ¶ 5.)  The Defendant should clarify its status, and if it is indeed an LLC, articulate its citizenship as set forth in this Opinion.

for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). Here, the Defendant only indicated the states where it is incorporated and where it has its principal place of business.

Therefore, the Defendant is ORDERED to supplement the record forthwith as to the citizenship of each party, tracing the citizenship of all unincorporated associations through all applicable layers of ownership.

SO ORDERED.

Enter for this 11th day of February, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge